The undersigned have reviewed the Award based upon the record of the proceedings before the deputy commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence as a whole, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner, with some minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate Award.
Accordingly, the undersigned find as fact and conclude as matters of law the following, which were entered into by the parties at the initial hearing and in a Pre-Trial Agreement as
 STIPULATIONS
1. The parties are bound by and subject to the provisions of the North Carolina Workers' Compensation Act.
2. At all relevant times an employee-employer relationship existed between plaintiff and defendant-employer.
3. This is a compensable injury.
4. Plaintiff's average weekly wage was $420.96, yielding a compensation rate of $280.64, as indicated in the Form 21 and Form 26 Agreements in this case.
5. Plaintiff has received weekly compensation for the period of November 20, 1992 through August 13, 1993.
6. Lea Industries is self-insured, and Constitution States Service Company serves as the servicing agent in this case.
7. Plaintiff's medical records were stipulated into evidence as Stipulated Exhibit 1. These records consist of documentation from Occupational Health, Stewart J. Harley, M.D.; Hayward Rehabilitation; James Hoski, M.D., Nancy Lipscomb, R.N., and Randy L. Adams, M. Ed., CVE.
8. A Form 21, dated March 24, 1993, was approved by the North Carolina Industrial Commission in this case on August 19, 1993.
9. A Form 26, dated May 25, 1993, was approved by the North Carolina Industrial Commission on August 19, 1993.
10. A Form 26 dated August 16, 1993 was approved by the North Carolina Industrial Commission on January 4, 1994.
11. The issues before the undersigned are: (i) whether plaintiff is permanently and totally disabled; and (ii) if so, what compensation is due the plaintiff.
***********
 RULINGS ON EVIDENTIARY MATTERS
The objections raised in the depositions of James J. Hoski, M. D., Al Osbahr, M. D., Randy L. Adams, M. Ed., CVE, and Nancy Lipscomb, R. N., are OVERRULED.
***********
Based upon all of the competent, credible, and convincing evidence adduced at the initial hearing and the reasonable inferences therefrom, the undersigned make the following additional
 FINDINGS OF FACT
1. At the time of the initial hearing, plaintiff was 57 years old and had been employed by defendant-employer for almost two decades.
2. Plaintiff is married and has two adult children.
3. Plaintiff completed the fifth grade and had failed two grades prior to that time.
4. Plaintiff can neither read nor write.
5. Plaintiff has performed manual labor all of his adult life.
6. On November 19, 1992, plaintiff suffered a compensable injury to his back, while lifting a wooden trash buggy. Plaintiff felt a pull in his right hip. Plaintiff experienced no prior trouble with his back before November 19, 1992.
7. Plaintiff had injured his right big toe while working for the defendant-employer, an injury which ultimately resulted in the amputation of that toe.
8. Plaintiff's prior work history included hanging cowhides at a local tannery. Plaintiff left that employment to become employed by the defendant-employer working as a vanity saw operator. Plaintiff continued in this position until the time of the injury claimed here. Plaintiff's position with the defendant-employer is one that would require medium to heavy exertion levels and could be filled by unskilled labor.
9. Plaintiff has not acquired transferable skills while employed by defendant-employer.
10. After injuring his back, plaintiff was initially seen by Al Osbahr, M.D., who diagnosed plaintiff with a low back strain and acute spasm. Dr. Osbahr referred plaintiff to Stewart J. Harley, M.D., who became the treating physician in this case.
11. Dr. Harley agreed with Dr. Osbahr's diagnosis and indicated that plaintiff was suffering from degenerative disc disease at L3-4 and L4-5 and L5-S1.
12. Dr. Harley allowed plaintiff to attempt to work on three different occasions.
13. Dr. Harley released plaintiff to return to light work at the defendant-employer. Dr. Harley indicated that if no light duty was available, plaintiff may need to be placed in a different job. He recommended that plaintiff be sent to vocational rehabilitation in order to find work within his restrictions.
14. On November 24, 1993, Dr. Harley indicated that plaintiff may wish to consider application for Social Security Disability.
15. On November 7, 1995 plaintiff returned to see Dr. Harley, indicating he was having pain consistent with the pain he encountered in 1993. Dr. Harley recommended plaintiff continue to be careful as to how he used his back. Plaintiff needed to be careful lifting and bending at work. Dr. Harley indicated plaintiff could return to see him as needed.
16. On or about January 12, 1996, plaintiff was lifting something at work when he again felt a pull in his back.
17. Plaintiff reported to Dr. Harley, and Dr. Harley determined plaintiff had had a recurrence of the severe lower back pain plaintiff had previously suffered at the time of initial injury on November 19, 1992.
18. Dr. Harley treated plaintiff conservatively and ordered an MRI. The MRI showed broad disc bulging at L3-4 and L4-5.
19. Plaintiff was taken out of work by Dr. Harley relating to this recurrence of his compensable injury on January 15, 1996.
20. Plaintiff was sent to physical therapy at Haywood Rehabilitation in order to try to help him to return to work. The efforts to return plaintiff to work were unsuccessful.
21. On April 16, 1996, Dr. Harley indicated plaintiff had gone through a full rehabilitation evaluation. Plaintiff had reached maximum medical improvement, and Dr. Harley had nothing further to offer plaintiff. Plaintiff had a five percent (5%) permanent partial disability to his back and chronic pain.
22. On April 16, 1996, Dr. Harley indicated it was impossible for plaintiff to return to work.
23. Rehabilitation efforts in regard to this matter have been unsuccessful.
24. Randy L. Adams, M. Ed., CVE, has evaluated plaintiff and his work circumstances. Mr. Adams has indicated plaintiff would not be able to find work within his restrictions.
25. Based upon plaintiff's chronic pain, his inability to read or write, his lack of transferable job skills, the lack of work opportunities in the area in which he resides, and the medical evidence in this case, plaintiff is totally and permanently disabled as of January 16, 1996.
***********
The foregoing findings of fact and conclusions of law engender the following additional
 CONCLUSIONS OF LAW
1. On November 19, 1992, plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. As a result of his compensable injury on November 19, 1992, plaintiff is permanently and totally disabled. Plaintiff is entitled to total disability compensation from January 15, 1996 and continuing until there has been a competent and credible showing of a change of condition in this case. N.C. Gen. Stat. § 97-29; N.C. Gen. Stat. § 97-47.
3. Plaintiff is entitled to receive all medical care that will effectuate a cure, lessen his pain or lessen his period of disability. N.C. Gen. Stat. § 97-25.
***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
 AWARD
1. For his total disability, plaintiff is entitled to total disability compensation from January 15, 1996 and continuing until there is a competent and credible showing of a change of condition in this case. Said amount is subject to an attorney fee approved in Paragraph 3 of this Award.
2. Defendants shall pay all medical expenses resulting from plaintiff's compensable injury on November 19, 1992 and the resulting disability.
3. A reasonable attorney fee of twenty-five percent (25%) of the compensation due plaintiff under Paragraph 1 of this Award is approved for plaintiff's counsel and shall be paid as follows: Twenty-five percent (25%) of the lump sum due under Paragraph 1 of this Award, relating to compensation owed from January 15, 1996, until the date of this current Opinion and Award shall be deducted from that sum and paid directly to plaintiff's counsel. In regard to future compensation, plaintiff's counsel shall receive every fourth check.
4. Defendants shall pay the costs.
This case is ORDERED REMOVED from the Full Commission hearing docket.
This the ___ day of __________, 1999.
 S/_____________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
S/_____________ DIANNE C. SELLERS COMMISSIONER
JHB:kws